NOT DESIGNATED FOR PUBLICATION

No. 119,074

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AUSTIN DEAN REISINGER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; RONALD E. WURTZ, judge pro tem. Opinion filed April 19, 2019. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, Attorney General, for appellee.

Before GREEN, P.J., SCHROEDER, J., and STUTZMAN, S.J.

PER CURIAM: After a bench trial, the trial court convicted Austin Dean Reisinger of interference with law enforcement. Reisinger appeals, arguing that the State introduced insufficient evidence to support his conviction. For the reasons stated below, we affirm.

On October 4, 2017, Officer Wyatt McKay of the Topeka Police Department responded to a call for a domestic disturbance at the North Topeka Kwik Shop. At the Kwik Shop, Officer McKay learned that Reisinger, who was no longer at the store, was the alleged aggressor of the domestic disturbance. Officer McKay was familiar with

1

Reisinger from prior interactions with him. Officer McKay next ran Reisinger's name and found he had a possible warrant from the City of Topeka. Officer McKay then went to Reisinger's home to search for him.

At Reisinger's home, Officer McKay first encountered Reisinger's stepmother, who declined to help find Reisinger. Officer McKay next encountered Reisinger's stepfather, who also lived in the home. Reisinger's stepfather agreed to help the police find Reisinger. Officer McKay, other police officers, and Reisinger's stepfather proceeded to search for Reisinger in detached garages on the property.

While searching a garage, Officer McKay heard a chain-link fence rattle, "as if it had been hit." Officer McKay ran to the fence, looked west, and saw Reisinger jump the fence, heading northbound. Officer McKay immediately recognized Reisinger. Officer McKay then jumped a fence at the front of the home to pursue Reisinger. The pursuit lasted from three to five minutes and required Officer McKay to jump several fences and run through several neighbors' yards as he followed Reisinger. At one point, Officer McKay lost sight of Reisinger, but a neighbor waved him down and told him that Reisinger had just run into his house. The neighbor opened his back door to show Officer McKay that Reisinger was inside his house; the neighbor asked if Reisinger was the man police were searching for and Officer McKay responded that he was.

At the back door of the neighbor's home, Officer McKay asked Reisinger to come to him. Reisinger did not obey; Officer McKay apprehended Reisinger by grabbing him, pulling him outside, and then arresting him.

On October 6, 2017, the State charged Reisinger with battery, assault, and interference with law enforcement, all misdemeanors. The case proceeded to a bench trial. At trial, the State dropped the assault and battery charges and prosecuted only the interference with law enforcement charge.

2

Officer McKay testified on behalf of the State. He testified about the details of the pursuit and arrest and stated that the pursuit substantially hindered or increased the burden on him while he performed his official duty. He also testified that he believed that when the pursuit started, Reisinger "should have known that the individual pursuing him was an officer." On cross-examination, he conceded that he did not recall whether he called out to Reisinger or identified himself as a police officer during the pursuit and said that his bodycam footage does not clarify the issue.

Reisinger testified on his own behalf. He testified that he never heard Officer McKay call his name or tell him to stop and that he would have stopped had he heard a command to do so. He said he did not know that someone was chasing him when he ran out of his yard. On cross-examination, he conceded that while he was at his house, he knew that his younger brother called the police. He said that he did not know that his younger sister also called the police that day. He said he did not recall jumping three or four fences while running to his neighbor's house.

In closing, Reisinger argued that he was not guilty since he did not know the police were chasing him because the police did not call out to him. Thus, he argued, "he did not hinder because he was not aware that the police were chasing him."

The trial court found Reisinger guilty of misdemeanor interference with law enforcement. The trial court explained its decision, stating it did not find Reisinger's claim that he did not know Officer McKay was chasing him to be credible. The trial court explained that the evidence showed Reisinger engaged in "furtive behavior, evasive behavior," and "knew he was fleeing from the police officers, especially since he knew the police officers had been called by his brother." The trial court sentenced Reisinger to six months of probation with an underlying sentence of three months in jail.

3

*Did the State Introduce Sufficient Evidence to Support Reisinger's Conviction?*

"'When the sufficiency of evidence is challenged in a criminal case, this court reviews the evidence in a light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt.' [Citation omitted.]" *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). When conducting sufficiency of the evidence review, this court does not "reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations." *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

Reisinger was convicted for interference with law enforcement under K.S.A. 2017 Supp. 21-5904(a)(3). The applicable subsection defines interference with law enforcement as "knowingly obstructing, resisting or opposing any person authorized by law to serve process in the service or execution or in the attempt to serve or execute any writ, warrant, process or order of a court, or in the discharge of any official duty." K.S.A. 2017 Supp. 21-5904(a)(3).

On appeal, Reisinger argues that the State introduced insufficient evidence to support his conviction. Much like he argued below, Reisinger claims that there is insufficient evidence to support his conviction because Officer McKay admitted he did not recall whether he called out to Reisinger or told him to stop, and Reisinger denied that Officer McKay called out to him. Specifically, he argues that "there is no evidence presented that [he] knowingly obstructed or resisted Officer McKay."

The State, on the other hand, argues that sufficient evidence supports Reisinger's conviction because circumstantial evidence supports a finding that Reisinger knew Officer McKay was pursuing him. The State is correct.

A "conviction of even the gravest offense may be sustained by circumstantial evidence. [Citation omitted.]" *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016). Further, the State can, and often does, rely on circumstantial evidence to prove a defendant's mental state. *State v. Thach*, 305 Kan. 72, 83-84, 378 P.3d 522 (2016). At trial, the fact-finder is entitled to make reasonable inferences based on circumstantial evidence. See *State v. Kettler*, 299 Kan. 448, 470, 325 P.3d 1075 (2014).

Here, the trial court heard testimony that Reisinger had reason to know police were coming to his home because he admitted he knew that his brother had called the police. The trial court also heard testimony from Officer McKay that after he arrived at Reisinger's house, he first contacted Reisinger's stepmother and next he contacted his stepfather. The trial court heard Officer McKay's testimony that while he and others searched for Reisinger, he heard a fence rattle as Reisinger fled the property by jumping a fence. The trial court heard Officer McKay's testimony that while fleeing, Reisinger jumped multiple fences, ran through several yards, and eventually hid in a neighbor's house while officers searched for him. The trial court also heard Officer McKay's testimony that, based on the ongoing search and Reisinger's dash into a neighbor's house, the neighbor was able to discern that police were likely looking for Reisinger because he asked the police if Reisinger was the man they were searching for.

In light of the evidence about Reisinger's manner and behavior while fleeing, the trial court expressly discredited his claim that he did not know police were looking for him and that he was simply running to his neighbor's house. This court cannot reweigh evidence when conducting sufficiency of the evidence review. *Chandler*, 307 Kan. at 668. Construing the evidence in the light most favorable to the State, we determine that a reasonable fact-finder could conclude that Reisinger understood police were looking for him and fled to avoid them. Accordingly, we affirm.

Affirmed.

5